Matter of Grillo v Speranza

2026 NY Slip Op 03101

May 14, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Philip Sean Grillo, appellant,

v

Robert J. Speranza, respondent-respondent, et al., respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 14, 2026

2026-04376, (Index No. 711384/26)

Betsy Barros, J.P.

Cheryl E. Chambers

Paul Wooten

James P. McCormack

Lisa S. Ottley, JJ.

[*1]

DECISION & ORDER

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Robert J. Speranza as a candidate in a primary election to be held on June 23, 2026, for the nomination of the Republican Party as its candidate for the public office of Member of the New York State Assembly for the 26th Assembly District, the petitioner appeals from a final order of the Supreme Court, Queens County (Joseph Risi, J.), entered April 24, 2026. The final order denied the petition, inter alia, to invalidate the designating petition and dismissed the proceeding.

ORDERED that the final order is affirmed, without costs or disbursements.

On April 20, 2026, the petitioner commenced this proceeding by order to show cause pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Robert J. Speranza as a candidate in a primary election to be held on June 23, 2026, for the nomination of the Republican Party as its candidate for the public office of Member of the New York State Assembly for the 26th Assembly District. The proposed order to show cause provided that the order to show cause, together with a copy of the papers upon which it was granted, could be served upon Speranza by, among other methods, "affixing the same to the outer or inner door of the residence of [Speranza] at the address of [Speranza] as set forth in his designating petition, AND by enclosing the same in a securely sealed and duly prepaid wrapper, addressed to [Speranza] at the address of [Speranza] as set forth in his designating petition, and depositing the same with a depository of the United States Postal Service via Priority Mail Express overnight mail service, on or before the 20th day of April 2026." In signing the order to show cause, the Supreme Court did not change this suggested method of service. On April 23, 2026, the return date of the order to show cause, Speranza opposed the petition, among other things, to invalidate the designating petition, arguing, inter alia, that he had not been properly served in accordance with the terms of the order to show cause. In a final order entered April 24, 2026, the court denied the petition, among other things, to invalidate the designating petition and dismissed the proceeding. The petitioner appeals.

"In a proceeding pursuant to Election Law § 16-102, the method of service provided for in an order to show cause is jurisdictional in nature and must be strictly complied with" (Matter of Jean-Louis v Laurent, 172 AD3d 1454, 1455 [alteration and internal quotation marks omitted]; see Matter of Louis v Diaz, 238 AD3d 813, 814; Matter of Mahler v Siniscalchi, 228 AD3d 707, 708). Here, an affidavit of service and accompanying mailing receipt establish that on April 20, 2026, the papers were deposited with Federal Express, not the United States Postal Service via Priority Mail Express overnight mail service, as provided for in the order to show cause. This [*2]jurisdictional defect warranted dismissal of the proceeding (see Matter of Nolan v Rockland County Bd. of Elections, 205 AD3d 852, 853; Matter of Brown v Commissioners of the City of N.Y. Bd. of Elections, 184 AD3d 701, 702).

The parties' remaining contentions need not be reached in light of our determination.

Accordingly, the Supreme Court properly denied the petition, inter alia, to invalidate the designating petition and dismissed the proceeding.

BARROS, J.P., CHAMBERS, WOOTEN, MCCORMACK and OTTLEY, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court